UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALAN JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSITY CORRECTIONAL<br>HEALTH CARE, et al.,<br><br>Defendants. | Civil Action No. 14-2025 (FLW)<br><br>MEMORANDUM |

This matter has been opened to the Court by Plaintiff's filing of a letter inquiring about the status of his application to proceed *in forma pauperis* ("IFP application"). (*See* ECF No. 8.) It appearing that:

On April 1, 2014, the Clerk received from Plaintiff, a prisoner incarcerated at New Jersey State Prison ("NJSP"), a civil Complaint, request to appoint counsel, and affidavit of indigence. Plaintiff asserts that he has not received timely and adequate medical care, including pain medication and surgery, for his injured shoulder.

By Order entered April 7, 2014, this Court denied Plaintiff's IFP application without prejudice, administratively terminated the case, and granted Plaintiff 30 days in which to submit to the Clerk a writing stating that he wishes to reopen this case and either (1) a six-month prison account statement, certified by an appropriate prison official, or (2) prepayment of the $400 filing and administrative fees. (ECF No. 2.) The Order further provided that, if Plaintiff complied with the terms of the Order, then this Court would reopen the case, consider the application to proceed *in forma pauperis*, if any, and screen the Complaint for dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B), if appropriate.

On April 28, 2014, the Clerk received from Plaintiff a "Business Remit" dated April 16, 2014. (ECF No. 3.) Plaintiff did not submit a six-month prison account statement certified by the appropriate official at New Jersey State Prison, and he did not prepay the $400 filing and administrative fee. The Court again denied Plaintiff's IFP application (ECF No. 4), explaining that the Clerk will not file a civil complaint unless the person seeking relief pays the entire applicable filing and administrative fee in advance or the person applies for and is granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. See Local Civil R. 5.1(f).

On May 13, 2014, Plaintiff wrote to the Court stating that he was attempting to secure the required six-month statement from prison officials and was also asking family members to pay the required fee. (ECF No. 5.) Subsequently, on June 19, 2014, <u>an uncertified</u> account statement was submitted by Plaintiff without an accompanying IFP application or the required certification. Plaintiff subsequently wrote to the Court requesting an update on the status of his IFP application. (ECF No. 8.) At this time, the Court will deny the IFP application for the third time because the account statement is not certified by the appropriate prison official at NJSP. The Court will direct the Clerk to administratively terminate this matter without prejudice to Plaintiff's filing of a new IFP application, including a certified six-month account statement within 30 days.

In this regard, the Court notes that even if the Court were to grant Plaintiff's IFP application, his Complaint, which alleges deliberate indifference to his serious medical needs in violation of the Eighth Amendment, would be subject to dismissal at screening under 28 U.S.C. 1915(e)(2)(B) for failure to state a claim for relief. As currently drafted, the Complaint asserts that prison officials and medical personnel were deliberately indifferent to Plaintiff's ongoing pain in his neck and arm. (*See* Complaint at 5.) In the Complaint, Plaintiff complains that he did

not receive an "emergency pass" to obtain medical treatment when he woke up with severe pain in his neck and arm on February 28, 2013. Although Plaintiff wanted to be examined by a medical doctor, he was instead treated by a nurse on the unit, who "evaluated [his] situation and symptoms and prescribed [him] pain medications." (*Id.*) It appears from his Complaint and other submissions that his pain medication was delayed on at least several occasions. (*Id.* at 1-1, at 4.) Plaintiff continued to submit medical requests to be seen by a physician instead of a nurse, but his requests were ignored until June 20, 2013, when a prison official ordered custody officials to take Plaintiff to the prison clinic. (*Id.* at 6.) Although Plaintiff was examined by Dr. Ahsan, the nurse again prescribed pain medication and scheduled subsequent medical tests. (*Id.*) Plaintiff also alleges that he remained in excruciating pain and has been informed of plans for a future surgery on his shoulder, but alleges in a conclusory manner that the surgery has been "unreasonably delayed." (*Id.* at 7; ECF No. 1-1, at 1.)

The Eighth Amendment, through its prohibition on cruel and unusual punishment, mandates that prison officials not act with deliberate indifference to a prisoner's serious medical needs by denying medical care. *Woods v. First Corr. Med. Inc.*, 446 F. App'x 400, 403 (3d Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In order to sustain a constitutional claim, a prisoner must make: 1) an "objective" showing that the prisoner's medical needs were sufficiently serious; and 2) a "subjective" showing that the prison official acted with a sufficiently culpable state of mind. *Id.* (citing *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Id.* (citing *Giles v. Kearney*, 571 F.3d 318, 330 (3d Cir. 2009)). The Third Circuit has found deliberate indifference where a prison official: 1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; 2) delays

necessary medical treatment for non-medical reasons; or 3) prevents a prisoner from receiving needed or recommended treatment. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Guiddy v. Terhune*, 90 F. App'x 592, 597–98 (3d Cir. 2004). Where an inmate is receiving substantial treatment, his "[m]ere disagreement as to the proper course of medical treatment" is insufficient to state an Eighth Amendment claim. *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citing *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir.1987)); *see also Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim.").

Here, Plaintiff was receiving treatment, including pain medication, for his injuries and was apparently scheduled for surgery, and his chief complaint appears to be that he was treated by a nurse rather than by a physician between February 28, 2013 and June 20, 2013. He also alleges that his pain medication was delayed on several occasions and that his surgery was unreasonably delayed. These facts, without more, do not support a claim for deliberate indifference to his serious medical needs against Dr. Ahsan or any of the prison administrators to whom Plaintiff complained, where his Complaint and other submissions show that he was receiving treatment for his injuries, including pain medication and a scheduled surgery. Plaintiff does not have constitutional right to an emergency pass or to be treated by a doctor rather than by a nurse. Furthermore, he does not allege sufficient facts for the Court to determine whether the denial of pain medication and/or the delay in scheduling his surgery rise to the level of constitutional violations. It is possible, however, that Plaintiff could provide additional facts to cure the deficiencies in his Eighth Amendment claims.

The Court will provide Plaintiff with a final opportunity to resubmit his IFP application with the required six-month account statement, <u>which must be certified by the appropriate prison official</u>. If Plaintiff does not submit his IFP application within 30 days, the Court will dismiss this matter <u>with prejudice</u>. If Plaintiff chooses to resubmit his IFP application, he should also submit an Amended Complaint that cures the deficiencies in his Eighth Amendment claims, as described in this Memorandum. An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson,
United States District Court